PROSKAUER ROSE LLP
John P. Barry
Daniel J. O'Donnell
One Newark Center, 18th Floor
Newark, New Jersey 07102-5211
973.274.3200
Attorneys for Defendants
Bank of America, N.A. and Banc of America Investment Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP MARCHETTI, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| BANK OF AMERICA, N.A., BANK OF AMERICA INVESTMENT SERVICES, INC., JOHN and JANE DOES (1-100) ABC, INCS. (1-100) and XYZ CORPS. (1-100), | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendants Bank of America, N.A. and Banc of America Investment Services, Inc. (improperly named as "Bank of America Investment Services, Inc."), by their undersigned counsel, Proskauer Rose LLP, hereby file this Notice of Removal, under 28 U.S.C. §§ 1331, 1441, and 1446, with the United States District Court for the District of New Jersey, and as the basis of removal of this action state the following:

1. Plaintiff Philip Marchetti ("Marchetti") brought this action against Defendants Bank of America, N.A. and Banc of America Investment Services, Inc., John and Jane Does 1-100, ABC, Incs. (1-100) and XYZ Corps. (1-100) in the Superior Court of New Jersey, Law

Division, Somerset County, Docket No. SOM-L-537-08. A Copy of the Complaint, filed on April 8, 2008 ("Complaint") is annexed hereto as Exhibit A.

2. Defendants Bank of America, N.A. and Banc of America Investment Services, Inc. accepted service of the Complaint on or about April 25, 2008, Defendants' first notice of the existence of a pleading containing a claim for relief asserted by Marchetti that could be removed to this Court was by email on April 9, 2008. Defendants have also been served with an Order to Show Cause and supporting papers (Plaintiff's Brief in Support of the Order to Show Cause, and Affidavit of Plaintiff Philip Marchetti) in the state court action, which has a return date of May 2, 2008.

3. Defendants Bank of America, N.A. and Banc of America Investment Services, Inc. are represented by the undersigned counsel.

4. All named Defendants consent to and join in the removal of this action to the District Court.

5. The First and Third Counts of the Complaint are actions over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441, and are actions that may be removed to this Court pursuant to the provisions of § 1446 in that:

    a. Count One alleges a violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

    b. Count Three alleges retaliation in violation of the FMLA.

    c. Since this Court has original jurisdiction over the First and Third Counts of the Complaint, pursuant to the FMLA, 29 U.S.C. § 2601 et seq., and supplemental jurisdiction over the remaining count, the Complaint may properly be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441(b) & (c).

6. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

7. Upon filing this Notice of Removal, the Defendants will give written notice thereof to David A. Krenkel, Esq., attorney for plaintiff. Defendants will also file copies of this Notice with the Clerk, Superior Court of New Jersey, Law Division, Somerset County, Somerville, New Jersey.

8. By filing this notice, the Defendants do not waive any defenses which may be available to them specifically including, but not limited to, lack of and/or improper service of process, lack of personal jurisdiction, or the absence of venue in this Court or in the court from which this action has been removed.

WHEREFORE, the Defendants respectfully pray that this action proceed in this Court as a matter properly removed thereto.

Dated: April 28, 2008

>PROSKAUER ROSE LLP
>One Newark Center, 18th Floor
>Newark, New Jersey 07102-5211
>973.274.3200
>Attorneys for Defendants
>Bank of America, N.A. and Banc of America
>Investment Services, Inc.
>
>By: _____
>John P. Barry (jbarry@proskauer.com)
>Daniel J. O'Donnell (dodonnell@proskauer.com)

# EXHIBIT A

KRENKEL & KRENKEL, LLC
Copper Gables Professional Building
1001 Deal Road
Ocean Township, New Jersey 07712
Tel. 732-493-1343; Fax 732-695-2782
Attorneys for Plaintiff



RECEIVED/FILED
SUPERIOR COURT
APR 8 2008
SOMERSET COUNTY
DEPUTY CLERK

| | |
|---|---|
| PHILIP MARCHETTI,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., BANK OF AMERICA INVESTMENT SERVICES, INC., JOHN and JANE DOES (1-100), ABC, INCS. (1-100) and XYZ CORPS. (1-100),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-_____<br><br>Civil Action<br><br>VERIFIED COMPLAINT, JURY DEMAND, and DESIGNATION OF TRIAL COUNSEL |

The Plaintiff, Philip Marchetti, residing in Basking Ridge, New Jersey, a person of full age, by way of Complaint says:

## PARTIES

1. Named as Defendants herein are:

    a. **Bank of America, N.A.** (hereinafter referred to as "Defendant" or "BOA"), a Corporation providing banking and financial investment services in the State of New Jersey and having a principal place of business in Westfield, New Jersey. At all times relevant hereto, BOA is engaged in commerce in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year.

b.  **Bank of America Investment Services, Inc.,** (hereinafter referred to as "Defendant" or "BAI") a Corporation providing banking and financial investment services in the State of New Jersey and having a principal place of business in Westfield, New Jersey. At all times relevant hereto, BAI is engaged in commerce in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year.

c.  **John and Jane Does (1-100), ABC, Incs (1-100) and XYC Corps. (1-100),** currently unknown and unidentified fictitious individuals and entities that may be liable for the causes of action set forth herein.

## COUNT ONE
### Violation of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

1.  Plaintiff commenced employment with Defendants in or around 1995. Plaintiff was employed as a Senior Vice President of Investments, Financial Advisor at the Westfield, New Jersey location. At all times relevant hereto, Plaintiff has been employed by Defendants for at least twelve (12) months and has performed service for at least one thousand two hundred fifty (1,250) hours during the previous twelve (12) month period.

2.  At all times therein, Plaintiff performed his job satisfactorily. At all times relevant hereto, Plaintiff has a serious health condition pursuant to 29 U.S.C. § 2601, et seq.

3.  In the summer of 2007, Plaintiff recognized that he suffered a condition which required serious medical attention.

4.  Plaintiff attempted to contact BOA/BAI's human resource department so that he may exercise his rights under the Family Medical Leave Act (FMLA) seek the proper medical

2

care and attention for his condition. Plaintiff's efforts were blocked by BOA/BAI management. Plaintiff was informed by management that he should have a meeting with them in lieu of seeking assistance through human resources.

5. Notwithstanding BOA/BAI's efforts to block Plaintiff from seeking assistance through human resources, Plaintiff persisted in seeking to exercise his rights under the FMLA so that he may attend to his medical condition. Despite BOA/BAI's efforts to block Plaintiff's efforts, he ultimately achieved approval for leave under the FMLA.

6. After BOA/BAI management was made aware of Mr. Marchetti's request for leave under the FMLA, he was subjected to illegal retaliation. On or about August 20, 2007, after approximately eight (8) years of being with the company, achieving stellar success, and generating millions of dollars for BOA/BAI, he was given a written warning with no justification. The written warning is an adverse employment action, which was directed at Mr. Marchetti in retaliation for seeking to contact BOA/BAI's human resources department regarding a personal and confidential matter concerning Mr. Marchetti's disability, health and invoking his rights under Federal law. At all times relevant hereto, BOA/BAI's actions were without business justification and constitute retaliation and discrimination based upon Mr. Marchetti's protected classification as a disabled person and for exercising his rights under the FMLA.

7. The retaliation continued throughout Mr. Marchetti's leave of absence under the FMLA. After Mr. Marchetti went out on leave, he was forced to contact human resources because his supervisor, Joe Doonan, was shutting Mr. Marchetti out of his accounts. He was also shut out from keeping contact with his assistant, Teresa Sousa, regarding his accounts. Mr. Marchetti tried to establish a communication line with Joe Doonan and Theresa Sousa regarding

his clients while he was on leave, as previously promised by Mr. Doonan. Mr. Marchetti's fears that Joe Doonan was putting his substantial book of business in jeopardy during his time of leave was proving true. Instead of working with Mr. Marchetti and assuring him that he would establish a line of communication to ensure that his clients were being properly serviced, and that Mr. Marchetti's book of business would be protected during his leave, the exact opposite occurred. Mr. Marchetti was shut out from communication regarding his accounts. He was denied the right to periodically check on the status of his accounts. Mr. Marchetti's accounts were being solicited and BOA/BAI management was trying to force Mr. Marchetti out of his position in retaliation for invoking his rights under the FMLA, and based on his status under the New Jersey Law Against Discrimination. BOA/BAI's actions are in direct contravention to the FMLA and the New Jersey Law Against Discrimination.

8.   Mr. Marchetti was scheduled to return to duty on or about November 7, 2007 as a result of receiving clearance from his doctor. The FMLA specifically requires that an employee, upon a return to work shall, be reinstated to his or her former position with equivalent employment benefits, pay and other terms and conditions of employment. Despite the fact that Mr. Marchetti was cleared for work by a competent doctor, and ready to return to work, he was informed by Ms. Peggy Brennan, BOA/BAI's accommodation case manager, that he was not permitted to return to work until he completes a "fitness for duty test".

9.   At all times relevant hereto, Defendants have violated the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. by denying Plaintiff a return to employment, taking adverse employment action against Plaintiff, and otherwise depriving Plaintiff of the rights afforded under Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

10. As a result of Defendants' actions set forth above, Plaintiff has suffered damages, including but not limited to mental anguish, emotional pain and suffering, humiliation, stress, anxiety, physical pain and suffering and other physical manifestations of illness.

WHEREFORE, Plaintiff demands judgment against Defendants, individually, jointly and/or severally, as follows:

    a. All compensatory damages;
    b. All relief available under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.
    c. Punitive damages;
    d. Interest, attorney's fees and costs of suit; and
    e. Such other and further relief as the Court deems equitable and just.

## COUNT TWO
### Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

1. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

2. Plaintiff is a handicapped individual as defined by the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

3. Plaintiff was subjected to adverse employment actions and harassment during his employment in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

4. As a result of Defendant's actions set forth above, Plaintiff has suffered damages, including but not limited to mental anguish, emotional pain and suffering, humiliation, stress, anxiety, physical pain and suffering and other physical manifestations of illness.

WHEREFORE, Plaintiff demands judgment against Defendants, individually, jointly and/or severally, as follows:

    a. All compensatory damages;
    b. All relief available under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.
    c. Punitive damages;
    d. Interest, attorney's fees and costs of suit; and

e. Such other and further relief as the Court deems equitable and just.

## COUNT THREE
### Retaliation

1. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

2. Defendants retaliated against the Plaintiff in violation of N.J.S.A. 10:5-12-(d) and the FMLA.

3. As a result of Defendants' actions set forth above, Plaintiff has suffered damages, including but not limited to mental anguish, emotional pain and suffering, humiliation, stress, anxiety, physical pain and suffering and other physical manifestations of illness.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually, jointly and/or severally, as follows:

a. All compensatory damages;
b. All relief available under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. and the FMLA;
c. Punitive damages;
d. Interest, attorney's fees and costs of suit; and
e. Such other and further relief as the Court deems equitable and just.

KRENKEL & KRENKEL, LLC

BY: _____
DAVID A. KRENKEL, ESQ.
Attorneys for Plaintiff

Dated: April 4, 2008

### JURY DEMAND

Plaintiff demands a trial by jury on all issues not subject to the Court's equitable powers.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R. 4:25.4, David A. Krenkel, Esq. is hereby designated as trial Counsel in this matter.

6

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action of arbitration proceeding now or contemplated, and that no other parties should be joined in this action (R. 4:5-1).

KRENKEL & KRENKEL, LLC

BY: _____
DAVID A. KRENKEL, ESQ.
Attorneys for Plaintiff

Dated: April 4, 2008

I certify the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*
PHILIP MARCHETTI

Sworn to and subscribed before me this

4th day of April the year 2008.

*[signature]*
DAVID A. KRENKEL, ESQ.
Attorney At Law State of New Jersey