PROSKAUER ROSE LLP
John P. Barry
Daniel J. O'Donnell
One Newark Center, 18th Floor
Newark, New Jersey 07102-5211
973.274.3200
*Attorneys for Defendants*
Bank of America, N.A. and
Banc of America Investment Services, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILIP MARCHETTI, <br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., BANK OF AMERICA INVESTMENT SERVICES, INC., JOHN and JANE DOES (1-100) ABC, INCS. (1-100) and XYZ CORPS. (1-100), <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 3:08-cv-2064 <br><br> **ANSWER** <br><br><br> **ECF Case** |

Defendants Bank of America, N.A. and Banc of America Investment Services, Inc. (improperly named as "Bank of America Investment Services, Inc.") (jointly "Defendants") by their attorneys, Proskauer Rose LLP, answer the Complaint of plaintiff Philip Marchetti ("Plaintiff") as follows:

### PARTIES

1.     a.     Defendants deny the allegations contained in Paragraph 1(a) of the Complaint, except admit that, as of the date of this Answer, Bank of America, N.A. has employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year.

b.   Defendants deny the allegations contained in Paragraph 1(b) of the Complaint, except admit that, as of the date of this Answer, Bank of America, N.A. has employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year.

c.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1(c) of the Complaint.

## RESPONSE TO COUNT ONE

1.   Defendants deny the allegations contained in Paragraph 1 of Count One of the Complaint, except admit that Plaintiff commenced employment with Defendants in or around 1995 and worked for Defendants as Senior Vice President, Financial Advisor at the Westfield, New Jersey location.

2.   Defendants deny the allegations contained in the first sentence of Paragraph 2 of Count One of the Complaint and make no response to the allegations contained in the paragraph's second sentence regarding a "serious health condition" as it calls for a legal conclusion.  To the extent that a response is required, Defendants deny that any acts were committed anywhere giving rise to any proper claim by Plaintiff.

3.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Count One of the Complaint.

4.   Defendants deny the allegations contained in Paragraph 4 of Count One of the Complaint.

5.   Defendants deny the allegations contained in Paragraph 5 of Count One of the Complaint, except admit that Plaintiff was approved for leave under the FMLA.

6.      Defendants deny the allegations contained in Paragraph 6 of Count One of the Complaint, except admit that Plaintiff was given a written warning on or around August 20, 2007.

7.      Defendants deny the allegations contained in Paragraph 7 of Count One of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Count One of the Complaint and make no response to the allegations contained in the paragraph's second sentence as it states a legal conclusion.  To the extent a response is required, Defendants deny that any acts were committed anywhere giving rise to any proper claim by Plaintiff.

9.      Defendants deny the allegations contained in Paragraph 9 of Count One of the Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of Count One of the Complaint.

## RESPONSE TO COUNT TWO

1.      Defendants repeat and reiterate each and every response contained in the preceding paragraphs as if fully set forth at length herein.

2.      Paragraph 2 of Count Two of the Complaint states a legal conclusion regarding whether Plaintiff qualifies as a "handicapped person," to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph Two of Count Two of the Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of Count Two of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of Count Two of the Complaint.

## RESPONSE TO COUNT THREE

1.      Defendants repeat and reiterate each and every response contained in the preceding paragraphs as if fully set forth at length herein.

2.      Defendants deny the allegations contained in Paragraph 2 of Count Three of the Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of Count Three of the Complaint.

## RESPONSE TO REQUESTS FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in the "Wherefore" clauses, or to any other relief.

## SEPARATE DEFENSES

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## THIRD DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the equitable principles of estoppel, waiver, and/or laches.

## SIXTH DEFENSE

Defendants' actions and decisions with respect to Plaintiff were taken for legitimate, non-discriminatory business reasons.

## SEVENTH DEFENSE

Plaintiff has failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Defendants regarding alleged unlawful workplace discrimination, harassment and otherwise to prevent harm that could have been avoided.

## EIGHTH DEFENSE

In the event that Plaintiff can demonstrate that his purported disability or purported protected activity was a motivating factor in the employment decision(s) that he challenges, Defendants are not liable for any damages or other relief because they would have taken the same action in the absence of such impermissible factor(s).

## NINTH DEFENSE

Subject to proof through discovery, Plaintiff is barred from relief due to his failure to mitigate his purported damages.

## TENTH DEFENSE

Subject to proof through discovery, Plaintiff's request for relief is barred in whole or in part by the after-acquired evidence doctrine.

Defendants reserve the right to raise other separate defenses that may subsequently become or appear applicable to some or all of Plaintiff's causes of action.

WHEREFORE, Defendants respectfully request that this Court enter a judgment:

1.      Dismissing the entire Complaint on the merits and with prejudice;

2.      Directing Plaintiff to pay Defendants the costs to defend this action, including reasonable attorneys' fees and interest; and

3.      Awarding such other and further relief as this Court deems just and proper.

Dated: May 20, 2008
      Newark, New Jersey

                PROSKAUER ROSE LLP
                Attorneys for Defendants
                Bank of America, N.A. and
                Banc of America Investment Services, Inc.

                By:_____s/ John P. Barry_____
                    John P. Barry (JB-6489)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date I caused to be served the foregoing Answer upon the following

counsel for Plaintiff Philip Marchetti by first-class mail:

David A. Krenkel, Esq.
Krenkel & Krenkel, LLC
Christopher Gables Professional Building
1001 Deal Road
Ocean Township, New Jersey 07712

                                      __s/ John P. Barry_____
                                        John P. Barry

Dated: May 20, 2008